[Cite as *Carl v. Carl*, 2020-Ohio-6906.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| DONNA R. CARL, | : | |
| Appellant, | : | CASE NO. CA2019-12-097 |
| | : | O P I N I O N |
| - vs - | | 12/28/2020 |
| | : | |
| MICHAEL L. CARL, | : | |
| Appellee. | : | |

APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 2016 DRB 00918

Nichols, Speidel & Nichols, Donald W. White, 237 East Main Street, Batavia, Ohio 45103, for appellant

Michael Carl, 245 Mount Holley Road, Amelia, Ohio 45102, pro se

**PIPER, J.**

{¶1} Appellant, Donna Carl, appeals a decision of the Clermont County Court of Common Pleas, Domestic Relations Division, dividing marital property after her divorce from appellee, Michael Carl.

{¶2} The parties were divorced in 2017, and were ordered as part of the proceedings to sell items of personal property by auction. The auctioneers visited Donna

and Michael to value the property but found that several items said to have been in Michael's possession were missing from the court-ordered inventory of items to be sold. Michael told the auctioneers that the missing items had been stolen, and intimated that Donna and her grown children were in possession of the missing pieces of property. After the valuation, the auctioneers informed the court that holding an auction would be fruitless because the expenses in holding the auction would be greater than proceeds from the sale.

{¶3} Donna filed a motion to show cause as to why Michael should not be held in contempt for his failure to turn over the ordered items to the auctioneers. Michael filed his own motion for contempt, alleging that Donna failed to divide her retirement account as ordered in the divorce decree.

{¶4} A magistrate held a hearing on the motions and issued its decision finding that Michael was not in contempt, but that Donna was. Donna then filed objections to the magistrate's decision. The trial court sustained part of Donna's objection, finding that Michael was in contempt for disposing of marital property outside of the decree guidelines. The court made its finding specific to various firearms that Michael sold, and ordered that Donna was entitled to one-half of the value of the firearms sold, or $8,500.

{¶5} The court did not order purge instructions because it found that the amount owed to Donna was offset by her receipt of a Bobcat and the amount she owed Michael from her retirement account.

{¶6} Donna now appeals the trial court's decision, raising the following assignments of error. Because the arguments are related, we will address the two assignments of error together.

{¶7} Assignment of Error No. 1:

{¶8} THE TRIAL COURT ABUSED ITS DISCRETION BY NOT FINDING DEFENDANT-APPELLEE IN CONTEMPT FOR FAILING TO PRODUCE MARITAL

- 2 -

PROPERTY IN HIS POSSESSION AND CONTROL FOR AUCTION. THE MANIFEST WEIGHT OF THE EVIDENCE SUPPORTED A FINDING OF CONTEMPT.

{¶9} Assignment of Error No. 2:

{¶10} THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO AWARD 100% OF THE VALUE OF THE BOBCAT, THE ZERO TURN MOWER AND THE REMAINING ITEMS TO PLAINTIFF-APPELLANT.

{¶11} Donna argues in her assignments of error that the trial court abused its discretion by not finding Michael in contempt for his failure to produce all the items for auction and in not awarding her a correct value of distributed property.

{¶12} "Disobedience to court orders may be punished by contempt." *Cottrell v. Cottrell*, 12th Dist. Warren No. CA2012-10-105, 2013-Ohio-2397, ¶ 11. To support a contempt finding, the moving party must establish by clear and convincing evidence that a valid court order exists, that the offending party had knowledge of the order, and that the offending party violated such order. *Hetterick v. Hetterick*, 12th Dist. Brown No. CA2012-02-002, 2013-Ohio-15, ¶ 35.

{¶13} In reviewing a trial court's judgment regarding contempt, an appellate court will not reverse the finding absent an abuse of discretion. *Grow v. Grow*, 12th Dist. Butler Nos. CA2010-08-209, CA2010-08-218, and CA2010-11-301, 2012-Ohio-1680, ¶ 73. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Maloney v. Maloney*, 12th Dist. Warren No. CA2015-10-098, 2016-Ohio-7837.

{¶14} After reviewing the record, we find that the trial court did not abuse its discretion in its property distribution order or in not finding Michal in contempt. The record clearly indicates that the magistrate and trial court did not find the testimony credible from either party regarding the value of the property and what had happened to the property

since the time of the divorce decree. However, the trial court considered testimony from the two auctioneers who were appointed to hold the auction and found such testimony credible.

{¶15} The auctioneers both testified that the parties, including Michael, were cooperative in facilitating the auction. Specifically, Michael allowed the auctioneers to tour his property to photograph and value pieces of property that were ordered to be sold. While the trial court considered that items were missing from the inventory other than the firearms, it also found that Donna's testimony regarding the location of these items lacked credibility.

{¶16} Thus, the only credible testimony the trial court relied upon was that of the auctioneers who determined that certain firearms were missing from the inventory. Michael did not deny selling firearms, thus the trial court gave Donna one-half the value of the firearms as valued by the auctioneers. Based on a lack of credible evidence that Michael secreted the items that were ordered to be sold, the trial court did not abuse its discretion by determining that Michael was not in contempt specific to the non-firearm property.

{¶17} The record also indicates that the auctioneers valued the Bobcat at $26,500 and that Donna specifically requested that she be given possession of the Bobcat. Thus, the trial court awarded the Bobcat to Donna at a value of $26,500, with Michael's half-interest reduced by the amount Michael owed Donna for the sold firearms. The trial court then ordered that the total amount Donna owed Michael would be subtracted at a rate of $500 per month from Michael's spousal support obligation of $1,000 per month.

{¶18} Donna argues that the trial court abused its discretion in not awarding her the full value of the Bobcat, her full retirement account, a zero-turn lawn mower, and a four wheeler to offset the value of items Michael failed to turn over to the auctioneers. However, and as noted above, the trial court did not find Michael in contempt for his failure to turn the items over, and thus, there was no reason to order property distribution as a means to purge

when no contempt was found. Instead, and as discussed above, the trial court granted Donna's request regarding the Bobcat and properly offset one-half of its value in favor of Michael.

{¶19} While Donna disagrees with the trial court's distribution and valuation of the property awarded to her, the trial court specifically noted that the only credible evidence presented regarding the existence and value of the property was that provided by the auctioneers. We will not disturb the trial court's credibility determination, and find no abuse of discretion in the trial court's decision. Donna's two assignments of error are thus, overruled.

{¶20} Judgement affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.